**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL D. CLAXTON, | No. 10-15844 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-01058-MCE-EFB |
| v. | |
| COLUSA COUNTY; STEPHEN HACKNEY, | MEMORANDUM[*] |
| Defendants - Appellants, | |
| and | |
| BOARD OF SUPERVISORS OF THE COUNTY OF COLUSA, | |
| Defendant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted July 13, 2011
San Francisco, California

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SILVERMAN and GRABER, Circuit Judges, and LYNN,[**] District Judge.

Colusa County appeals the district court's grant of Daniel Claxton's petition for a writ of mandate, ordering the County to rehear Claxton's application to subdivide his 421 acres of orchard farmland into thirty nine parcels, including thirty-five 10-acre parcels. Although the district court was correct that the County improperly applied Resolution 07-010 to Claxton's application, the district court erred in failing to uphold the County's action on the basis of three independent findings, each supported by substantial evidence in the record, that Claxton's application was inconsistent with the County's General Plan. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse.[1]

The district court erred in holding that Claxton's challenge to the validity of Resolution 07-010 was not a facial attack subject to the limitations period set by California Government Code section 65009(c)(1)(A). Claxton asserts a facial challenge by claiming that the Board did not follow state law when it passed the

_____

[**] The Honorable Barbara M. G. Lynn, District Judge for the U.S. District Court for Northern Texas, Dallas, sitting by designation.

[1] We deny the County's request for judicial notice of extra-record evidence. *See Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006); *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996).

resolution and, thus, "no set of circumstances exist[] under which the [legislative act] would be valid." *See United States v. Salerno*, 481 U.S. 739, 745 (1987). As a result, the limitations period for a challenge to Resolution 07-010 began to run on the date of the Board of Supervisors' action, February 20, 2007. Cal. Gov't Code § 65009(c)(1)(A). Claxton's facial attack on the measure, filed April 8, 2008, is therefore untimely.

We agree with Claxton and the district court that Claxton's application was "complete" when submitted. The problems with the application identified by the Planning Department should have and could have been resolved by requests for correction, clarification, amplification, or supplemental information as envisioned by California Government Code section 65944(a) rather than a determination that the application was incomplete. Claxton's application therefore should have been determined or deemed complete within thirty days of its January 10, 2007 submission date; that is, no later than February 10, 2007. Cal. Gov't Code § 65943(a). Because Resolution 07-010, adopted February 20, 2007, was not in effect on the date that Claxton's application should have been deemed complete, the Resolution should not have been applied to Claxton's application. *See* Cal. Gov't Code § 66474.2(a).

However, independent of the Resolution, the County made sufficient findings supported by substantial evidence when it denied Claxton's application. *See Topanga Ass'n for a Scenic Cmty. v. County of Los Angeles,* 522 P.2d 12, 13-14 (Cal. 1974); *Craik v. County of Santa Cruz*, 96 Cal. Rptr. 2d 538, 545 (Ct. App. 2001). The County found that Claxton's proposed subdivision was inconsistent with the General Plan's policy that land in the Agricultural General designation should remain agricultural and not be converted to rural residential use. The high number of proposed 10-acre parcels proposed by Claxton might well impair the integrity and character of the Exclusive Agriculture zone because such small parcels are "not economically viable" for agricultural use and tend to attract non-farming property owners who may not be able to maintain productive agricultural operations or adjust to farming culture and, consequently, might create a series of nuisances for neighboring farmers. Substantial evidence therefore supports the County's decision to deny Claxton's application based on findings independent of Resolution 07-010 that the proposed subdivision was inconsistent with the County's General Plan. *See Harris v. City of Costa Mesa*, 31 Cal. Rptr. 2d 1, 6 (Ct. App. 1994) ("'the opinions of neighbors may constitute substantial evidence'") (quoting *Desmond v. County of Contra Costa,* 25 Cal. Rptr. 2d 842, 847 (Ct. App. 1993); *Browning Ferris Indus. of Cal., Inc. v. City Council*, 226 Cal.

Rptr. 575, 583 (Ct. App. 1986) (holding that opinions of Planning Department staff may constitute substantial evidence).

Finally, we reject Claxton's claim that the County denied him a fair hearing. Claxton's application, which proposed to create a greater number of 10-acre parcels than had ever previously been attempted, raised novel issues that the County had a right to address. *See Delta Wetlands Props. v. County of San Joaquin*, 16 Cal. Rptr. 3d 672, 686 (Ct. App. 2004) ("The mere fact [that a particular project] was the impetus for the [legislative measure] does not mean it unfairly discriminates against the project. The evil sought to be remedied will often not come to the attention of authorities until a use is proposed or a permit application is made."). Claxton also argues that the County's resistance to his application evinces bias, but the stated opposition of County officials to his proposed subdivision in advance of the public hearing does not constitute bias in and of itself. What it shows is disagreement, not bias. *See Clark v. City of Hermosa Beach*, 56 Cal. Rptr. 2d 223, 233 (Ct. App. 1996); *Applebaum v. Bd. of Dirs. Barton Mem'l Hosp.*, 163 Cal. Rptr. 831, 836 (Ct. App. 1980). The record shows the County to have been solicitous of his application, even bending procedural rules over the objections of Supervisors and members of the public to allow him additional time to negotiate with and provide supplemental information

to Planning Department staff before proceeding in front of the Board of Supervisors.

Also unavailing is Claxton's argument that the County unfairly discriminated against his proposal to create 10-acre parcels while approving the applications of his neighbors to do so. The County's opposition rested on the dramatically greater number of parcels in Claxton's proposed subdivision, a factor supported by the California Subdivision Map Act. *See, e.g.*, *Colony Cove Props., LLC v. City of Carson*, 114 Cal. Rptr. 3d 822, 828-29 (Ct. App. 2010) (stating that proposal to subdivide land into five or more parcels requires approval of both a tentative and final map, whereas a proposal to subdivide into four or fewer requires only a parcel map). Indeed, the County expressed opposition to another application that had initially proposed five or more 10-acre parcels in the Exclusive Agriculture zone, but later approved the proposal after the applicant reduced the number of 10-acre parcels to three. The County stated that it would support Claxton's application if he were to similarly reduce the number of 10-acre parcels proposed, but Claxton declined to do so. Claxton has not shown that similarly situated applications were treated more favorably. The district court therefore erred in finding that Claxton did not receive a fair hearing.

**REVERSED.**